SEABOARD AIR LINE RAILWAY COMPANY, a Corporation, *Plaintiff in Error*, v. P. P. CULBREATH, *Defendant in Error*.

Division B.

Opinion filed June 14, 1928.

*Knight, Thomson & Turner,* Attorneys for Plaintiff in Error;

*Caraballo, Moran & Graham,* Attorneys for Defendant in Error.

PER CURIAM.—This was a suit for damages accruing to plaintiff in the court below by reason of a train operated by defendant in the court below coming into collision with plaintiff's automobile. The undisputed damages caused to plaintiff by the collision was the difference between the value of his automobile immediately before the accident and the value of same automobile immediately after the accident, which was $700.00.

The trial resulted in a verdict and a judgment in favor of the plaintiff in the sum of $500.00.

The evidence was conflicting. The record discloses evidence to show that the plaintiff was in some degree negligent and that his negligence contributed to the injury. There is also evidence to sustain the allegations of negligence contained in the declaration and to afford proof that the negligence of the defendant as alleged in the declaration was when aided by the negligence indulged in by the plaintiff the proximate cause of the injury.

It appears from the amount of recovery named in the verdict that the jury took into consideration to some extent the relative degree of negligence contributed by each party toward the injury and decreased the amount of the damages proven according to what the jury conceived to be the contribution of negligence on the part of the plaintiff. We conceive it to be the province of the jury to determine the amount to be deducted from the damage proven on account of a plaintiff's negligence and unless it appears that the conclusion reached by the jury is clearly wrong, or that the verdict was influenced by something outside of the

evidence, a verdict so reached by a jury should be sustained. In this case after a very careful consideration of the evidence we are of the opinion that the evidence clearly shows that the negligence of the plaintiff constituted very largely the contributing cause of the injury and to such an extent that had the verdict been entirely justified by the record. It appears to us that the judgment is excessive and that under the conditions as disclosed by the record it should not have been for more than three hundred and fifty dollars ($350.00).

If within thirty days after the filing of the mandate in the trial court the plaintiff will enter a remittitur of $150.00 of the amount, the judgment will stand affirmed for $350.00, otherwise, the judgment is reversed for a new trial.

It is so ordered.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion and judgment.